SEVERO LÓPEZ, demandante y apelante, *v.* GERARDO IRIZARRY y CENTRAL COLOSO, INC., demandados y apelados.

No. 6607.—*Sometido:* Marzo 1, 1935. *Resuelto:* Abril 10, 1935.

■■■■■■

■■■■■■

■■■■■■

*José Veray, Jr.,* abogado del apelante; *García Méndez & García Méndez,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

■ El demandante en pleito de daños y perjuicios apela de una sentencia adversa y alega que la corte de distrito erró en la apreciación de la prueba. Mientras un niño de once años cruzaba una carretera frente a un carro de bueyes que estaba en movimiento, fué golpeado y lanzado al suelo. Una de las ruedas del carro pasó longitudinalmente por sobre su cuerpo. Dejó su marca, que se extendía desde la ingle hacia arriba sobre una parte del vientre, el pecho, la cara y la frente. Presentaba una fractura del cráneo, tenía el hígado destrozado y la autopsia reveló una hemorragia interna en la cavidad abdominal. La muerte pudo haber sido ocasionada bien por una o por ambas lesiones, y del criterio que hemos formado del caso podría admitirse, sin resolverlo, que la corte de distrito cometió error al concluir que el niño murió como consecuencia de un golpe recibido antes de que la rueda pasara sobre él.

El carro marchaba por la derecha de la carretera y el niño por el lado contrario y en dirección opuesta. El juez de distrito dijo que antes de cruzar la carretera el niño venía corriendo por el lado izquierdo de la misma en dirección opuesta a la que el carro traía. La relación del caso y opinión demuestra en resumen con bastante claridad que el juez se refería al lado izquierdo de la carretera desde el punto de vista del vehículo en movimiento que estaba a la derecha. No quiso decir que el niño corría por el mismo lado en que caminaba el carro de bueyes.

Al aproximarse la carreta a un callejón o cruce que de la carretera principal conduce a la derecha, los bueyes, de acuerdo con el testimonio del demandante y de algunos de los testigos de los demandados, trataron de doblar hacia este callejón o cruce. Según estas declaraciones el carretero, a fin de mantener el carro en su ruta, hincó el buey de la derecha y le hizo aligerar el paso. La teoría del apelante es que el niño fué golpeado como consecuencia de este repentino movimiento hacia adelante. El juez de distrito, sin resolver si el carretero en realidad hincó o no el buey de la derecha, halló que en todo caso el niño era culpable de negligencia contribuyente al cruzar imprudentemente por delante de los bueyes en movimiento y tan cerca de ellos que fuera golpeado por uno de éstos, bien por la lanza del carro o con el yugo. No encontramos en esto error que dé lugar a la revocación.

■ El artículo 22 de la ley aprobada el 10 de marzo de 1910 (Estatutos Revisados de 1911, sec. 2263) dispone que: "Todo conductor de carros tirados por bueyes deberá caminar siempre enfrente de los bueyes cuando transitaren por caminos públicos." En el presente caso hubo un marcado conflicto en la prueba respecto a si el carretero estaba sentado en el carro o si caminaba por la izquierda junto a los bueyes. El juez de distrito se sintió inclinado a creer que caminaba junto a los bueyes. Éste, sin embargo, no es un punto decisivo. Él no caminaba frente a los bueyes y estaba, por ende, infringiendo el estatuto en el momento del accidente. El verdadero alcance y efecto de esta circunstancia sobre la cuestión de la responsabilidad de los demandados, es cuestión sobre la cual los alegatos radicados arrojan poca o ninguna luz. No trataremos de hacer una investigación independiente de este aspecto del caso. Sin que cerremos las puertas a una discusión en casos futuros, nos inclinamos a creer, y por el momento resolvemos, que el efecto del estatuto no es abrogar el derecho de los demandados a descansar como defensa en

la negligencia contribuyente del demandante.    Véase 45 C. J. 980, sec. 532; 20 R. C. L. 104, sec. 90.

*Debe confirmarse la sentencia apelada.*